IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03291-MSK-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

PATRICIA GUERRERO-DIAZ,
KELLY LEHMAN, and
S. BROWN,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are two motions: Defendants' Motion to Strike [Third] Amended Complaint [filed August 25, 2015; docket #70], and Plaintiff's Motion to [File Fourth] Amended Complaint [filed August 26, 2015; docket #71].[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR

---

[1] In an attempt to avoid confusion caused by the manner in which Plaintiff has titled the versions of his amended complaints, the Court explains as follows:
- the original Complaint at docket #1 was struck;
- the operative Complaint became that labeled "Prisoner Complaint," filed at docket #7, which the Court has called the "Amended Complaint" and was the basis on which the Court ruled on Defendants' motion to dismiss;
- the Court then struck Plaintiff's "First Amended Complaint" at docket #25 for failure to seek leave of the Court [*see* docket #33];
- the Court struck Plaintiff's "Second Amended Complaint" at docket #54 for improperly adding parties and claims [*see* docket #57];
- Plaintiff then filed a new version at docket #68, which he again labeled "Second Amended Complaint" and that Defendants in the currently pending Motion to Strike call the "Further Amended Complaint," but that the Court will discuss as the "Third Amended Complaint;"
- finally, Plaintiff's currently pending Motion to Amend the Complaint attaches yet another version, which he labels "Third Amended Complaint," but that the Court will discuss as the "Fourth Amended Complaint" [*see* docket #71-1].

72.1(c), the Motions have been referred to this Court for recommendation. Dockets ##72, 73. The Court finds that oral argument would not materially assist in the adjudication of the Motions. For the reasons that follow, this Court respectfully recommends that Defendants' Motion to Strike [Third] Amended Complaint be **granted**, Plaintiff's Motion to [File Fourth] Amended Complaint be **denied**, and Plaintiff be given **no further leave to amend.**[2]

Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 as a *pro se* litigant incarcerated in the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Upon initial review of Plaintiff's original Complaint, Magistrate Judge Gordon Gallagher directed Plaintiff to file an amended complaint within 30 days of the order. Docket #3. Plaintiff filed the operative Amended Complaint on December 26, 2014, alleging generally that Defendants, in their individual and official capacities, forced him to participate in a religiously based program in a Colorado prison in violation of his constitutional rights. Amended Complaint, docket #7. Plaintiff filed an additional amended complaint titled "First Amended Complaint" on April 1, 2015 [docket #25], which the Court struck [docket #29] for having been improperly filed without leave of the Court. Order, docket #33. Plaintiff did not seek such leave, thus, the operative Complaint is that filed on December 26, 2014. Amended Complaint, docket #7.

Plaintiff's Amended Complaint asserted three causes of action: 1) a claim pursuant to 42

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

U.S.C. § 1983 for an Establishment Clause violation; 2) a claim pursuant to 42 U.S.C. § 1983 for a Free Exercise Clause violation; and 3) a claim pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA"). *Id*. at 4-9. Defendants responded to Plaintiff's Amended Complaint by filing their Motion to Dismiss. Docket #27. Based on this Court's Recommendation [docket #41], Chief Judge Marcia S. Krieger granted the Motion to Dismiss as to injunctive and declaratory relief claims, as to the Free Exercise claim, and as to the individual capacity RLUIPA claim, but denied the motion to dismiss as to the Establishment Clause claim and the official capacity RLUIPA claim. Recommendation, docket #41 at 21; *see also* Order, docket #47. Judge Krieger also adopted the Recommendation to allow Plaintiff leave to amend the Free Exercise Clause claim only. *Id*.

Plaintiff then filed a Second Amended Complaint [docket #54], improperly adding new Defendants and ten additional claims for relief. Defendants filed a motion to strike the Second Amended Complaint [docket #55], which the Court granted, striking the Second Amended Complaint and providing the following directive to Plaintiff:

> The Court agrees with Defendants that Plaintiff's attempts to add new defendants and ten additional claims for relief are improper. The Court further agrees with Defendants that this Court's recommendation and the subsequent order of Chief Judge Marcia S. Krieger indicated clearly that Plaintiff had leave to amend only his Free Exercise Clause claim to allow the incorporation of additional facts that may have allowed the claim to survive dismissal. *See* dockets ## 41, 47. This Court also explained in a subsequent minute order that Plaintiff's amended complaint must follow the recommendation and order. *See* docket #51
>
> The Court will allow Plaintiff **one additional opportunity** to file an amended complaint on or before July 28, 2015, that complies with the Court's recommendation and Judge Krieger's order. Changes may be made only to the Free Exercise claim; no parties or claims may be added. **If Plaintiff again fails to comply and files an improper amended complaint, the Court advises Plaintiff it may recommend dismissal of one or more of Plaintiff's claims**.

Minute Order, docket #57 (emphasis added).

Following this explanation, Plaintiff filed his [Third] Amended Complaint on August 13,

3

2015. Docket #68. Defendants on August 25, 2015, filed the currently pending Motion to Strike the [Third] Amended Complaint, correctly asserting that Plaintiff added facts to the Free Exercise Clause claim but also improperly added dozens of paragraphs of new facts to the Establishment Clause claim, which was explicitly not allowed. Docket #70. On August 26, 2015, Plaintiff filed the currently pending Motion to Amend the Complaint [docket #71], improperly seeking to add Defendants and claims and providing a draft of what would be the Fourth Amended Complaint.

Although the Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As this Court and Judge Krieger's directives to Plaintiff have not been followed and Plaintiff has been given ample time and instruction as to the Court's expectations, the Court respectfully RECOMMENDS that Defendants' Motion to Strike [Third] Amended Complaint [filed August 25, 2015; docket #70] be **granted**; Plaintiff's Motion to [File Fourth] Amended Complaint [filed August 26, 2015; docket #71] be **denied**; and Plaintiff be given **no further leave to amend.**[3]

Submitted and dated at Denver, Colorado, this 28th day of August, 2015.

---

[3] The Court notes that should this Recommendation be adopted, the operative Complaint moving forward would continue to be the Amended Complaint filed December 26, 2014, at docket #7, with only the Establishment Clause claim and the official capacity RLUIPA claim surviving dismissal. Should the District Judge agree, Plaintiff should note that the only facts allowed to proceed are those pled in the two surviving claims within his Amended Complaint filed December 26, 2014, and not with any additional facts Plaintiff included in subsequent filings.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge