IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-03291-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

PATRICIA GUERRERO-DIAZ,
KELLY LEHMAN, and
S. BROWN,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendants' Motion to Strike Further Amended Complaint filed on August 25, 2015, and Plaintiff's Motion to Amend the Complaint filed August 26, 2015.  These motions were referred to Magistrate Judge Hegarty for a Recommendation.  *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72.

A Recommendation of United States Magistrate Judge was issued on August 28, 2015, which is incorporated herein by reference.  Magistrate Judge Hegarty recommends therein that Defendant's Motion to Strike [the Third] Amended Complaint be granted, that Plaintiff's Motion to [File Fourth] Amended Complaint be denied, and that Plaintiff be given no further leave to amend.

By way of background, based on an earlier Recommendation (ECF No. 41), Chief Judge Marcia S. Krieger issued an Order on June 5, 2015, granting a motion to

dismiss filed by Defendants as to Plaintiff's injunctive and declaratory relief claims, Free Exercise claim, and as to his individual capacity claim pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ["RLUIPA"].  She denied the motion to dismiss as to Plaintiff's Establishment Clause claim and the official capacity RLUIPA claim.   Chief Judge Krieger also adopted the recommendation to allow Plaintiff leave to amend the complaint as to the Free Exercise Clause claim only.  Thereafter, Plaintiff filed a Second Amended Complaint that improperly added new defendants and ten additional claims for relief.

By Minute Order of July 13, 2015, Magistrate Judge Hegarty granted Defendants' Motion to Strike Plaintiff's Second Amended Complaint, finding "that Plaintiff's attempts to add new defendants and ten additional claims for relief are improper."  (ECF No. 57.) Magistrate Judge Hegarty "agree[d] with Defendants that this Court's recommendation and the subsequent order of Chief Judge Marcia S. Krieger indicated clearly that Plaintiff had leave to amend only his Free Exercise Clause claim to allow the incorporation of additional facts that may have allowed the claim to survive dismissal." (*Id.*)  Further, he stated, "[t]his court also explained in a subsequent minute order that Plaintiff's amended complaint must follow the order and recommendation."  (*Id.*)  The Minute Order concluded:

> The Court will allow Plaintiff one additional opportunity to file an amended complaint **on or before July 28, 2015** that complies with the Court's recommendation and Judge Krieger's order.  Changes may be made only to the Free Exercise Claim; no parties or claims may be added.  If Plaintiff again fails to comply and files an improper amended complaint, the Court

>advises Plaintiff it may recommend dismissal of one or more of Plaintiff's claims.

(*Id.*)

On August 13, 2013, Plaintiff filed a new "Second Amended Complaint" (in actuality the Third Amended Complaint) that added facts not only to the Free Exercise claim but also to the Establishment Clause claim. This is despite the previous rulings by Magistrate Judge Hegarty and Judge Krieger. Indeed, Magistrate Judge Hegarty indicated in his Recommendation that the addition of new facts to the Establishment Clause "was explicitly not allowed." (Recommendation at 4.) Defendants then filed their Motion to Strike the [Third] Amended Complaint, after which Plaintiff filed a Motion to Amend the Complaint. The motion to amend sought to add additional defendants and claims and provided a draft of the "Third Amended Complaint" (technically, the Fourth Amended Complaint).

The Recommendation noted that even though Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting the case with due diligence. (Recommendation at 4.) Magistrate Judge Hegarty stated that while the court must liberally construe pro se filings, that status "does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants." (*Id.*) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). He concluded that Defendants' Motion to Strike should be granted and Plaintiff's Motion to Amend be denied "[a]s this

Court and Judge Krieger's directives to Plaintiff have not been followed and Plaintiff has been given ample time and instruction as to the Court's expectations." (*Id.*)

Plaintiff filed timely Objections to the Recommendation on September 10, 2015. Defendants filed a response to Plaintiff's Objections on September 24, 2015.  I will construe the recommendation to deny the motion to amend as a dispositive ruling since it denies Plaintiff leave to add new claims and defendants.  *See Fresquez v. Baldwin*, No. 08-cv-01233-CMA-CBS, 2010 WL 5934891, at *1 (D. Colo. Dec. 18, 2010) (citing cases).  The objections filed by Plaintiff thus necessitate a *de novo* determination as to the portion of the Recommendation to which objection is made.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff asserts in his Objections that he did not add any additional defendants or claims in his Third Amended Complaint (ECF No. 658).  He only added additional facts to the Establishment Clause claim and Free Exercise claim, and argues that he did not see the harm in doing so since those claims and his RLUIPA claim are similar. (Objections at 2.)  However, Plaintiff has been advised repeatedly and explicitly that he may add facts only to the Free Exercise claim.  Further, he was advised through the Minute Order of July 13, 2015, that this was his last opportunity to comply with the Court's previous recommendation and Judge Krieger's ruling that he could add changes only to the Free Exercise claim.  Yet he filed a Third Amended Complaint that added facts to another claim, the Establishment Clause claim.  Given Plaintiff's blatant failure to comply with the Court's previous orders, I find that Magistrate Judge Hegarty's recommendation to grant Defendants' Motion to Strike the Third Amended Complaint

was proper and should be affirmed. The Third Amended Complaint is stricken, and Plaintiff is precluded at this juncture from adding new facts to support his Free Exercise claim.

Plaintiff's motion seeking leave to amend in connection with a Fourth Amended Complaint was filed the day after Defendants filed their motion to strike. In the proposed complaint, Plaintiff sought leave not only to add facts to explain the basis of his Free Exercise claim but also to add new claims and defendants. Plaintiff argues that Magistrate Judge Hegarty's denial of his motion to amend and grant of Defendants' motion to strike the Third Amended Complaint shows that he "has done everything in his power to impede and hender [sic], Plaintiff from amending his complaint. . . ." (Objections at 3.) He further argues that Magistrate Judge Hegarty's decision that Plaintiff cannot add any new defendants or claims to this case violates the spirit of Rule 15, which mandates that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).

Thus, Plaintiff asserts that leave to amend should have been granted under Rule 15(a)(2), and that the new defendants and claims arise from the same set of facts, circumstances, and transactions. He further asserts that the addition of the new claims and defendants will not cause undue delay or prejudice to the defendants, and that the discovery deadline is months away. He concludes that Magistrate Judge Hegarty abused his discretion in denying his motion to amend the complaint, and that his Fourth Amended Complaint should be accepted for filing.

I affirm Magistrate Judge Hegarty's ruling denying Plaintiff's motion to amend given the procedural history of the case and the explicit rulings that Plaintiff was granted leave to amend his complaint only as to the Free Exercise claim. Seeking leave to add defendants and claims while also adding facts to the Free Exercise Clause claim violated the Court's previous rulings in connection with Defendants' Motion to Dismiss that Plaintiff could amend ONLY as to the Free Exercise claim. The Fourth Amended Complaint is thus stricken. The operative complaint in this case is the Complaint filed on December 26, 2014. I also affirm Magistrate Judge Hegarty's recommendation that Plaintiff be given no further leave to amend as to the claims at issue in that Complaint. Thus, Plaintiff is precluded from seeking leave to add facts or expand the claims asserted in the December 26, 2014 Complaint.

However, I agree with Plaintiff that the Court's previous rulings in connection with Defendants' Motion to Dismiss regarding the operative complaint in the case should not preclude him in the future from seeking leave to amend the complaint to add new claims or defendants that have been discovered throughout the investigation of the case. Indeed, Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Thus, I reject that portion of the Recommendation that found Plaintiff should be given no further leave to amend as it relates to new claims or defendants. I will allow Plaintiff the opportunity to file a new motion for leave to amend the complaint which shall be addressed on the merits. The motion for leave to amend may only address new claims or defendants that Plaintiff wishes to add, and must provide a basis

why the motion should be granted under Rule 15(a)(2). Defendants must respond to this motion on the merits.

In conclusion, it is

ORDERED that the Recommendation of United States Magistrate Judge filed August 28, 2015 (ECF No. 74) is **AFFIRMED AND ADOPTED IN PART AND REJECTED IN PART**. It is affirmed as to the recommendations to grant Defendants' Motion to Strike [Third] Amended Complaint, deny Plaintiff's Motion to [File Fourth] Amended Complaint, and that Plaintiff be given no further leave to amend his complaint as to the claims pled in his December 26, 2014 Complaint. It is rejected as to the recommendation that Plaintiff be given no further leave to amend as it relates to new defendants or claims that were not asserted in the December 26, 2014 Complaint. In accordance therewith, it is

ORDERED that Defendants' Motion to Strike [Third] Amended Complaint (ECF No9. 70) is **GRANTED**. The [Third] Amended Complaint (ECF No. 68) is **STRICKEN**. It is

FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint (ECF No. 71) is **DENIED**. Finally, it is

ORDERED that while Plaintiff is precluded from seeking leave to amend his complaint as to the claims asserted in the operative Complaint of December 26, 2014 (ECF No. 7), he may file a motion for leave to amend as it relates to new claims or defendants that have been discovered during the course of this case. This motion must be filed no later than **Friday, October 23, 2015**, and must demonstrate why leave to

amend should be granted under Rule 15.  The motion shall be decided on the merits after briefing by the parties.

Dated:  September 30, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge