IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03291-WYD-MEH

WYATT T. HANDY, JR.,

      Plaintiff,

v.

PATRICIA GUERRERO-DIAZ,
KELLY LEHMAN, and
S. BROWN,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint ("Motion")

[filed October 22, 2015; docket #89].  The matter is briefed and has been referred to this Court for

recommendation.  The Court finds that oral argument would not materially assist in the adjudication

of the Motion.  For the reasons that follow, this Court respectfully **recommends** that Plaintiff's

Motion be **granted in part** and **denied in part**.[1]

_____

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and
file any written objections in order to obtain reconsideration by the District Judge to whom this
case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those
findings or recommendations to which the objections are being made.  The District Court need
not consider frivolous, conclusive or general objections.  A party's failure to file such written
objections to proposed findings and recommendations contained in this report may bar the party
from a de novo determination by the District Judge of the proposed findings and
recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §
636(b)(1).  Additionally, the failure to file written objections to the proposed findings and
recommendations within fourteen (14) days after being served with a copy may bar the
aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are
accepted or adopted by the District Court.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir.

## BACKGROUND

This is the fifth time Plaintiff has filed an amended complaint in this case, as explained by the following procedural history. The Court struck Plaintiff's original Complaint at docket #1 and ordered him to cure deficiencies [*see* docket #3], which he did at docket #7. The Court struck Plaintiff's "First Amended Complaint" at docket #25 for failure to seek leave of the Court [*see* docket #33].

The Court then issued its Recommendation [*see* docket #41] on Defendants' Motion to Dismiss [*see* docket #24], which Chief Judge Marcia E. Krieger adopted in full [*see* docket #47]; both declared the Operative Complaint to be that filed at docket #7. In adopting the Recommendation, Judge Krieger dismissed Plaintiff's injunctive and declaratory relief claims, the Free Exercise Clause claim, and the individual capacity Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim. Docket #47. She allowed Plaintiff's Establishment Clause claim and the official capacity RLUIPA claim to proceed, and she granted Plaintiff leave to amend the Free Exercise Clause claim only, also as recommended by this Court. *Id.*

Plaintiff responded by filing a Second Amended Complaint that improperly added new defendants and ten additional claims for relief. Docket #54. The Court granted Defendants' Motion to Strike the Second Amended Complaint but allowed Plaintiff "one additional opportunity to file an amended complaint . . . that complies with the Court's Recommendation and Judge Krieger's Order." Docket #57. Plaintiff then filed what the Court labeled his "Third Amended Complaint," but he improperly added facts not only to the Free Exercise Clause claim but also to the Establishment Clause claim, despite the orders from Judge Krieger and this Court that only the Free

2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

Exercise Clause claim could be amended.  Docket #68.  Defendants moved to strike the Third

Amended Complaint [*see* docket #70]; meanwhile, Plaintiff moved the next day for leave to file yet

another version, which the Court labeled his "Fourth Amended Complaint" [*see* docket #71].  The

Court issued its Recommendation on those two Motions on August 28, 2015, suggesting the District

Judge strike the Third Amended Complaint and deny Plaintiff leave to file the Fourth Amended

Complaint.   *See* docket #74.

Meanwhile, on August 31, 2015, Judge Krieger granted a Motion filed by Plaintiff on

February 13, 2015 [*see* docket #76], which sought special assignment of the case to Senior Judge

Wiley E. Daniel [*see* docket #14].  Thus, the case was reassigned to Judge Daniel [docket #77], who

decided the then-pending Recommendation [*see* docket #74] by adopting it in part and rejecting it

in part, as follows:

- granting Defendants' Motion to strike Plaintiff's Third Amended Complaint;
- denying Plaintiff's Motion for leave to amend as to claims already asserted in the Operative Complaint (thus disallowing the filing of the Fourth Amended Complaint and explicitly noting Plaintiff could no longer amend the claims already presented in the Operative Complaint at docket #7);
- however, allowing Plaintiff to seek leave "to amend the complaint to add new claims or defendants that have been discovered throughout the investigation of the case" as allowed by Fed. R. Civ. P. 15(a)(2), which provides leave to amend should be freely given "when justice so requires."

Docket #80.

Plaintiff then filed the now-pending Motion for leave to file an amended complaint, attaching

what he called the Fourth Amended Complaint but what the Court here more properly labels his

"Fifth Amended Complaint."  Docket #89.   In the Motion, Plaintiff seeks to add two Defendants

3

and ten additional claims.[2]  *Id.*  Defendants contend that Plaintiff's request to amend is unduly delayed and prejudicial, and that the proposed claims were not learned of during the course of discovery and are futile.  *See generally* docket #94.  Plaintiff replies that his proposed amendments are in compliance with Judge Daniel's Order, thus, they are proper.  *See generally* docket #102.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  The Rule instructs courts to "freely give leave when justice so requires."  *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Fed. R. Civ. P. 15(a)(2) allows other amendments with the Court's leave, which Judge Daniel has allowed in this case.[3]  Docket #80.

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir.

---

[2]Having reviewed Plaintiff's proposed amendments, the Court notes that the additional Defendants and claims Plaintiff seeks to add all involve actions he alleges were taken as a result of his filing of this lawsuit; thus, they would more properly have been brought via a motion to supplement the pleadings pursuant to Fed. R. Civ. P. 15(d), which allows a court to "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  However, in the interest of judicial efficiency, the Court will consider the supplemental parties and claims as part of the pending Motion for Leave to Amend.

[3]Although Plaintiff filed this Motion after the deadline for amendment of pleadings, which would typically require a modification of the Scheduling Order, the Court will consider the Motion without that modification based on Judge Daniel's Order allowing Plaintiff to file an additional amended complaint.

2005).  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman,* 371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182. Defendants argue that Plaintiff's amendments will cause undue delay and prejudice to the Defendants and, nevertheless, would be dismissed on a Rule 12(b) motion.

## I.      Undue Delay, Prejudice

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan,* 397 F.3d at 1315; *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiff seeks to add two Defendants – Erin L. Ashby and Michelle Wesolowski – both of whom he essentially asserts retaliated against him for filing his original Complaint in this lawsuit in December 2014.  Docket #89 at 2.  The ten additional claims Plaintiff seeks to add all flow similarly from retaliatory behavior by these two as well as by the other three Defendants

already named.  *Id*.  Defendants argue Plaintiff has had too many chances to amend; he did not learn

of these new claims through the course of discovery; the "Complaint has been a moving target from

the beginning of this matter;" and Defendants would be prejudiced by having to defend against new

claims for relief, "particularly claims that are not related to the religious freedom claims that have

been the only consistent basis for this action."  Docket #94 at 6.  Defendants also argue that Plaintiff

should not be allowed to bring his claims pursuant to the Americans with Disabilities Act and the

Rehabilitation Act because he is litigating those claims in another case.  *Id*. at 4.  Plaintiff counters

that his new claims arise from a different occurrence than those asserted in the other case –

specifically, from events that occurred in retaliation for his filing this lawsuit.  Docket #102 at 2-3.

Plaintiff also asserts that he has diligently sought to amend his Complaint and, thus, he has not

exhibited undue delay or prejudiced Defendants.  *Id*.

The Court agrees with Plaintiff that his efforts to amend the Complaint have shown he has

not caused undue delay with the filing of this Motion.  Additionally, as the claims he seeks to add

involve events that occurred subsequent to the filing of the Complaint – and in retaliation for said

filing – the Court finds no undue delay or prejudice to Defendants at this stage of the litigation.

While Judge Daniel did note that Plaintiff could assert new claims if they were discovered in the

course of discovery in this case, it would be illogical to conclude (as Defendants assert) that Plaintiff

could not bring claims resulting from actions taken against him as a result of the filing of his lawsuit,

as allowed by Fed. R. Civ. P. 15(d).  Thus, while the Court agrees with Defendants that the new

Defendants and claims were not learned through discovery, they were learned after the filing of the

lawsuit as they did not occur until that time and could not, therefore, have been included in his

original Complaint.

Further, the Court is not persuaded by Defendants' argument that they are prejudiced because the new claims do not involve religious liberties.  If, as Plaintiff asserts, he experienced retaliation for filing a complaint about religious liberty, the claims involving his punishment for doing so belong in this lawsuit.  Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)).  Here, the discovery deadline is February 5, 2016, more than one month hence.  If Defendants require additional time to obtain discovery on the new claims, the Court will entertain a motion seeking a reasonable extension.

## II.   Futility of the Amendments

Defendants also argue that Plaintiff's additional claims are futile because he fails to set forth the elements of the claims.  Docket #94 at 4.  Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly considering the liberal rules regarding amendment of complaints. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished).  As such, the Court finds that Defendants' futility argument would be more properly raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.*  Therefore, this Court recommends allowing the additional ten claims, as detailed below.

## III.   Free Exercise Clause Claim

Defendants argue that Plaintiff's Free Exercise Clause claim was already dismissed in this case and, thus, Plaintiff should not have included it again in his current Motion.  Docket #94 at 4.

This Court's Recommendation on Defendants' Motion to Dismiss did recommend dismissal of the Free Exercise Clause claim with leave to amend.  *See* docket #41.  Judge Krieger so ordered on September 30, 2015.  *See* docket #47.  Later, in September as Judge Daniel took over the case and began handling Plaintiff's efforts to amend, Judge Daniel said that "Plaintiff is precluded at this juncture from adding new facts to support his Free Exercise claim."  Docket #80.  However, Judge Daniel's Order did not explicitly dismiss the Free Exercise Clause claim.  Instead, he specifically noted that the Operative Complaint in this case as of September 30, 2015 (the date of Judge Daniel's Order) was that at docket #7.  Docket #80 at 7.  The Operative Complaint at docket #7 thus still includes the Free Exercise Clause claim – albeit one all the Judges on this case have ruled is insufficient and one Judge Daniel indicated could no longer be amended.  Plaintiff's currently pending filing of his Fifth Amended Complaint [*see* docket #89-1] contains the identical Free Exercise Clause claim to that in his currently Operative Complaint [*see* docket #7] and should properly be dismissed.  However, that dismissal has not yet occurred, and because the decision to dismiss a claim is dispositive, that decision must be made by the District Judge on this case, not by this Court.  Thus, the Court recommends dismissal of Plaintiff's Free Exercise Clause claim with no further leave to amend.

The Court also notes its belief that Mr. Handy has had sufficient time to amend his Complaint and, barring exceptional circumstances, would recommend the District Court not allow further amendments.

## CONCLUSION

Accordingly, based on the foregoing and the entire record herein, the Court **recommends** that the Motion for Leave to File an Amended Complaint [filed October 22, 2015; docket #89] be

8

**denied in part** as to Plaintiff's claim two regarding the Free Exercise Clause.  Because Plaintiff has previously failed to amend that claim to include facts that would allow it to plausibly state a claim, and because Judge Daniel explicitly noted Plaintiff could no longer amend that claim, the Court **further recommends dismissal of that claim**.

In addition, the Court **recommends** that the Motion be **granted in part** to add two new Defendants – Erin L. Ashby and Michelle Wesolowski – and to add new claims as follows: right to petition the government for redress of grievances (claim four); Fourteenth Amendment procedural and substantive due process (claim five); Americans with Disabilities Act (claim six); Rehabilitation Act (claim seven); negligence (claim eight); negligence per se (claim nine); negligent supervision (claim ten); respondeat superior (claim eleven); intentional infliction of emotional distress (claim twelve); negligent infliction of emotional distress (claim thirteen).

Additionally, the Court notes that Plaintiff improperly continues in the most recent Amended Complaint [*see* docket #89-1] to assert his RLUIPA claim against Defendants in their individual and official capacities; however, as discussed above, only the *individual* capacity RLUIPA claims remain per Judge Krieger's Order [*see* docket #47]; thus, all references to the official capacity RLUIPA claims should be stricken.

Dated at Denver, Colorado, this 18th day of December, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge